```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION

                              - - -

UNITED STATES OF AMERICA,      . Case Nos. 1:09-cr-046-1
                               .           1:10-cr-026
          Plaintiff,           . Hearing on Revocation of
                               . Supervised Release & Sentencing
     - v -                     .
                               . Wednesday, May 20, 2015
DAVID BLISS,                   . 2:21 PM
                               .
          Defendant.           . Cincinnati, Ohio
. . . . . . . . . . . . . . . .


                     TRANSCRIPT OF PROCEEDINGS
             BEFORE THE HONORABLE MICHAEL R. BARRETT


For the Plaintiff:     ANTHONY SPRINGER, ESQ.
                       Assistant U.S. Attorney
                       United States Attorney's Office
                       221 East Fourth Street, Suite 400
                       Cincinnati, Ohio  45202

For the Defendant:     PAUL M. LAUFMAN, ESQ.
                       Laufman & Napolitano, LLC
                       4310 Hunt Road
                       Cincinnati, Ohio  45242

Also present:          Thomas A. Barbeau, Probation Officer

Courtroom Deputy:      Barbara A. Crum

Court Reporter:        Luke T. Lavin, RDR, CRR
                       Potter Stewart U.S. Courthouse
                       100 East Fifth Street, Room 103
                       Cincinnati, Ohio  45202
                       Telephone:  (513) 564-7500
```

*Proceedings recorded by stenotype; transcript*
*prepared by computer-aided transcription.*

P R O C E E D I N G S

(In open court at 2:21 PM.)

COURTROOM DEPUTY: On the docket is District Court Cases Number 1:09-cr-46 and 1:10-cr-26 *United States of America versus David Bliss*, and we're here this afternoon for a revocation hearing.

THE COURT: Okay. Do counsel want to enter their appearances for the record, please.

MR. SPRINGER: Good afternoon, Your Honor. Anthony Springer on behalf of the United States.

MR. LAUFMAN: Good afternoon, Judge. Paul Laufman on behalf of Mr. Bliss.

THE COURT: Okay, let's see. David, you were originally charged in 1:09-cr-00046, conspiracy to commit bank fraud, and you pled out to that count. That was the first one. You also pled out to the second count, aggravated identity theft. Those cases initiated with me but were sent to Judge Spiegel for sentencing because he had picked up Case 1:10-cr-0026, obstruction of administration of justice.

At the end of the day, Judge Spiegel imposed 61 months in prison followed by a term of supervised release for 36 months, and supervision commenced on February 28th.

Since that time there's been a series of events involving the rule that indicates you're to notify the officers prior to any change in residence. There's a whole --

```
 1        Do you want me to go through the facts on this, Paul, or do
 2   I need --
 3            MR. LAUFMAN:  No, Judge.  He moved to Las Vegas
 4   without permission.  We acknowledge that.
 5            THE DEFENDANT:  Yes.
 6            THE COURT:  Okay.  Anyway, so the basic thing is that
 7   these guys weren't able to track you down or find you, and the
 8   allegation is you left without permission.
 9        The probation department wrote a report, which you're aware
10   of, which indicated they were requesting a total of 36 months'
11   confinement.  I have discussed with counsel and probation the
12   appropriate disposition in this case, and we are talking about
13   18 months with credit for time served since you were picked up
14   on these charges waiting to be here.
15        Do you understand all that?
16            THE DEFENDANT:  Yes, sir, Your Honor.
17            THE COURT:  All right.  Based upon all that, and the
18   fact that your lawyer's already admitted the offense, do you
19   wish to admit the offense or deny it?
20            THE DEFENDANT:  I admit the offense, Your Honor.
21            THE COURT:  He admits the offense.  And based upon the
22   burden of proof, at this time I'm reasonably satisfied that Mr.
23   Bliss is in non-compliance with the terms of his supervised
24   release, including notification of residence and failing to
25   keep everybody properly informed of his residential changes.
```

1    So based upon all that, I find he's in violation, and he is
2 exposed to the potential term of imprisonment which is set
3 forth in the report, which has been read.
4    So, David, you and your lawyer have gone over the report
5 and sentencing options; right?
6            THE DEFENDANT:  Yes, sir, we have.
7            THE COURT:  All right.  And you're willing to stick
8 with the admission in this case and have me move to sentence at
9 this time?
10            THE DEFENDANT:  Yes, sir, Your Honor.
11            THE COURT:  Okay.
12    Paul, is there anything you guys want to speak to in
13 anticipation of or mitigation of the sentence, understanding
14 where I'm likely to come out in this case?
15            MR. LAUFMAN:  Judge, very briefly, given chambers'
16 conference.
17    As the Court knows, I filed a sentencing memorandum.  Our
18 take on it was, you know, we have to counterbalance Mr. Bliss
19 and his history against what is a Class C violation for moving
20 without permission.  I'm satisfied with the 18-month sentence
21 that the Court has indicated -- and all parties have heard and
22 had an opportunity to be heard on -- is satisfactory and
23 appropriate.
24    I know Mr. Bliss would appreciate an opportunity to do any
25 part of that in a halfway house, but I've indicated to him the

```
 1  Court's intention to place him in a BOP facility nearest Las
 2  Vegas, if that can be done.  And he appreciates that.
 3  Apparently there's also going to be a recommendation that, if
 4  appropriate, he be placed in a medical facility, and again, one
 5  nearest Las Vegas if possible, as he does have some pretty
 6  substantial medical issues that are ongoing.
 7      Nothing beyond that, Judge.
 8          THE COURT:  Okay.  David, anything you want to tell
 9  me, or do you just want to keep your mouth shut?
10          THE DEFENDANT:  I'm just sorry, Your Honor.  I really
11  am.  I never meant to do anything.  You know?  I just thought I
12  was doing -- morally doing the right thing for my daughter, my
13  wife, and me.
14          THE COURT:  Okay.
15          THE DEFENDANT:  You know, to a place where we had a
16  home.  Because like the warrant said, we had been living in
17  motels here.  And then when I did go to my mother-in-law's,
18  that was just a bad -- a bad situation.  We e-mailed --
19          THE COURT:  It is for most people.
20          THE DEFENDANT:  I mean, I'm just saying.  There was a
21  lot of drug activity and an ex-felon in there, and I felt it
22  wasn't an appropriate thing.  We e-mailed Tom about it right
23  before he issued the warrant.  So I'm sorry.
24          THE COURT:  Okay.
25          THE DEFENDANT:  I'm sorry.
```

```
 1              THE COURT:  Anthony, anything else you want to put on
 2   the record, or is there anything that you want to say in terms
 3   of the discussed sentence in this case?
 4              MR. SPRINGER:  Nothing further, Your Honor.
 5              THE COURT:  Tom, since Paul has already mentioned the
 6   location and the potential for a medical facility, is there
 7   anything else you want to put on the case?
 8              PROBATION OFFICER BARBEAU:  No, Your Honor.
 9              THE COURT:  Okay.  Based on everything in front of me
10   and the 3553 factors in this case as contained in the
11   supervised release report, in the '09 case, on Count 1 I'm
12   going to sentence, Paul, to 13 months Bureau of Prisons.  On
13   Count 7 I'm going to sentence him to 12 months Bureau of
14   Prisons.  Those two sentences are to run concurrent with each
15   other.
16        On the 2010 case, I'm going to sentence him to five months
17   BOP consecutive to the sentence on the previously mentioned two
18   counts.  So that's a total of 18 months' incarceration.  He
19   gets credit for the time served since the time he was picked up
20   on the warrant in this case.  And I'm going to recommend, if he
21   qualifies, to some type of medical facility.  And whether it's
22   the medical facility or an institution, we'll recommend that it
23   be as close to Las Vegas as possible.  All right?
24        Is there anything else we need to put on the record at this
25   time, guys?
```

```
 1              MR. SPRINGER:  Nothing further, Your Honor.
 2              THE COURT:  Okay.  I think this sentence is fair and
 3    reasonable under the 3553 sentencing factors, the initial --
 4    understanding the conduct of the initial underlying offenses,
 5    and also understanding his conduct in terms of the relocation.
 6         So that's the sentence of the Court.  David, you do have
 7    the right to appeal the sentence.  If you wish to appeal the
 8    sentence and are indigent, then the Sixth Circuit will appoint
 9    somebody to represent you in that regard.  And as you stand
10    here today if you know you wish to appeal the sentence, then
11    Crum will start the paperwork.
12         What are your thoughts?
13              THE DEFENDANT:  I'm satisfied with your sentence, Your
14    Honor.
15              THE COURT:  Okay.  You're going to have two weeks from
16    the time that Barb puts the entry on, which will probably be
17    later today or tomorrow, to change your mind and notify your
18    lawyer if you wish to appeal.
19         And, Paul, if David calls you and says he wants to appeal
20    the sentence, will you protect his interest in that regard?
21              MR. LAUFMAN:  I will, sir.  But he's communicated to
22    me, both now and previously, that he's satisfied with the
23    sentence.
24              THE COURT:  Okay.
25         (Mr. Laufman and the defendant confer privately.)
```

1        MR. LAUFMAN:  Judge, we did have one very minor issue.
2   Mr. Bliss advises me that the date of his arrest, which would
3   start the time-served credit, listed in the warrant might be
4   inaccurate.
5      Mr. Barbeau, can you indicate from your report?  I think
6   you indicated it shows December 19th in there.  His opinion is
7   he was taken into custody on December 18th.
8        PROBATION OFFICER BARBEAU:  Your Honor, I don't know
9   the answer to that.  The marshals, you know, keep those records
10  and they do the calculations for the Bureau of Prisons.  So I'm
11  sure whatever the accurate date is will come to light.  I can
12  verify that, if the Court would like, to make sure it's done
13  properly.
14       THE COURT:  So is this one of -- so he's been like in
15  transit this whole time?
16       MR. LAUFMAN:  Yeah.  He was grabbed in Vegas, sat in
17  transit for multiple months, got here, originally was
18  represented by the public defender's office.  Karen Savir
19  withdrew.  I was appointed to see the matter through.
20     And then Mr. Bliss and I have, in an effort to fully
21  explore his case and build mitigation, requested a few
22  continuances to get medical records and things like that that
23  he requested I do.  So he's been in for quite a bit of time.
24       THE COURT:  How long will it take to get him to the
25  BOP, then?  Is that going to be another --

```
 1        Yes, Barb?
 2             COURTROOM DEPUTY:  I have the Rule 5(c) papers from
 3   Las Vegas, and it indicates that his initial appearance was
 4   December 19th.
 5             THE COURT:  That would have been the day after his
 6   arrest, probably.
 7             THE DEFENDANT:  Correct.
 8             COURTROOM DEPUTY:  It says they brought him in on the
 9   same day.
10             THE COURT:  David, did you surrender, or did they pick
11   you up?
12             THE DEFENDANT:  No, sir.  They picked me up, but it
13   was too late that day.
14             THE COURT:  So it probably was the next day.
15             THE DEFENDANT:  It was the next day.  It was the 18th
16   they picked me up, and I seen the magistrate the very next day,
17   Your Honor.
18             THE COURT:  Okay.
19        Well, John, you guys will have that date; right?
20             A DEPUTY U.S. MARSHAL:  Yes, we will.
21             THE COURT:  Somebody will.
22        Anything else, Anthony?
23             MR. SPRINGER:  No.
24             THE COURT:  All right.  Thanks, guys.  Thanks, Paul.
25        Take it easy.  Good luck, man.
```

1          THE DEFENDANT:  Yes, sir.  Thank you again, sir.
2          COURTROOM DEPUTY:  Court is now in recess.
3     (Proceedings concluded at 2:30 PM.)
4                          - - -
5                    C E R T I F I C A T E
6          I, Luke T. Lavin, RDR, CRR, the undersigned, certify
7    that the foregoing is a correct transcript from the record of
8    proceedings in the above-entitled matter.
9
10                              s/Luke T. Lavin
                                 Luke T. Lavin
11                               Official Court Reporter
12
                                 - - -
13